UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JASON FORWARD** | : | Case No. |
| 1192 Sessions Dr. | : | |
| Centerville, OH 45459 | : | Judge |
| | : | |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **THE KROGER COMPANY** | : | |
| 1014 Vine St. | : | |
| Cincinnati, OH 45202 | : | |
| | : | |
| and | : | |
| | : | |
| **KROGER LIMITED PARTNERSHIP I** | : | |
| 1014 Vine St. | : | |
| Cincinnati, OH 45202 | : | |
| | : | |
| **Defendants.** | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Jason Forward, for his Complaint against Defendant The Kroger Company and Kroger Limited Partnership I, states as follows:

**I.       PRELIMINARY STATEMENT**

1. This is a civil rights action arising out of Plaintiff Jason Forward's employment with The Kroger Company and Kroger Limited Partnership I.  Forward alleges that he was a victim of retaliation based on his participation in an internal investigation concerning gender discrimination.  Forward provided truthful information related to The Kroger Company's and Kroger Limited Partnership I's failure to prevent sexual harassment.

2. Forward's claims arise under Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act.

3. Forward seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both his economic and non-economic injuries. He also seeks punitive damages and equitable relief in the form of reinstatement or front pay, and an award of his reasonable attorney's fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by Title VII and 42 U.S.C. § 1981. This Court may assume supplemental jurisdiction over Forward's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as his federal claims.

5. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio.

## III. PARTIES

6. Plaintiff Jason Forward is a United States citizen and a resident of Centerville, Ohio. During the time relevant to this action, Forward worked for The Kroger Company.

7. Defendant The Kroger Company is an Ohio corporation that conducts business in the Southern District of Ohio. The Kroger Company is an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act.

8. Defendant Kroger Limited Partnership I is an Ohio limited partnership that conducts business in the Southern District of Ohio. Kroger Limited Partnership I is an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act.

9. The Kroger Company and Kroger Limited Partnership I are an integrated enterprise and are hereinafter collectively referred to as "Kroger."

## IV. ADMINISTRATIVE HISTORY

10. On or about May 28, 2025, Forward filed an administrative charge of retaliation against Kroger with the Equal Employment Opportunity Commission (473-2025-02034). He alleged that Kroger retaliated against him for statements he made during an internal investigation. The EEOC issued a Notice of Right to Sue on September 29, 2025. This action is brought within 90 days of receiving the right-to-sue notice.

## V. STATEMENT OF THE CASE

11. Forward worked for Kroger as an Inventory and Quality Manager at Kroger's Blue Ash distribution center for approximately five years.

12. In early 2025, a female employee ("Complainant") at the distribution center resigned to take a new job. At the time of her departure, she reported to Kroger management that another male Kroger employee, Zachary Joseph, had sent her lewd photographs via text message on several occasions over a period of years.

13. Kroger instituted an investigation into the Complainant's report. Kroger assigned Thomas Hillberry to conduct the investigation.

14. During the course of the investigation, a Kroger employee, Jameese Price, allegedly informed Hillberry that she had personally witnessed an incident involving the Complainant and Joseph. Price further allegedly informed Hillberry that she had reported the incident to Forward.

15. Approximately four weeks after Hillberry began his investigation, he asked Forward to meet with him virtually. Forward agreed.

16. Hillberry asked Forward if he was aware that Joseph had sent lewd photographs to the Complainant. Forward truthfully told Hillberry that he was not aware of any such conduct.

17. Hillberry then asked Forward if he had heard any rumors about the Complainant. Forward told Hillberry that, over the years, he had heard she dated a male member of management and that she had engaged in casual sexual relationships with a few male Kroger employees.

18. Hillberry told Forward that he had heard from others that Forward had overheard some people joking about Joseph sending lewd photographs to the Complainant. Forward truthfully denied hearing any such conversations.

19. Thereafter, Hillberry asked Forward to sit for a second interview, this time in person.

20. During the second interview, Hillberry asked Forward the same questions. Forward gave the same answers.

21. Hillberry then asked Forward to meet for a third in-person interview. Forward again agreed.

22. During the third interview, Hillberry became aggressive and confrontational. Hillberry called Forward "squirrely as fuck" three times during that interview.

23. Forward repeatedly asked Hillberry for the substance of the information he believed Forward had, but Hillberry refused to tell Forward.

24. At the conclusion of the third interview, Hillberry informed Forward that Kroger was placing him on a leave of absence.

25. After 13 days, a member of Kroger's human resources department called Forward and asked him to come in for another interview.

26. When Forward arrived at the facility, Hillberry informed Forward that Kroger was terminating his employment.

27. Forward asked why Kroger was terminating him, but Hillberry refused to provide a substantive answer. Instead, he informed Forward that Kroger was terminating him due to "company values."

28. Kroger terminated Forward because of his participation in an internal investigation and the answers he truthfully provided as part of his opposition to sexual harassment. In particular, Forward informed Kroger that another associate, who admittedly witnessed sexual harassment and had a duty to report it, did not report it to Kroger management.

29. As a direct and proximate result of Kroger's actions, Forward has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to his professional reputation.

## VI. STATEMENT OF CLAIMS

### Count 1: Retaliation
### 42 U.S.C. § 2000e & Ohio Rev. Code § 4112

30. Plaintiff incorporates the previous paragraphs as if fully rewritten herein.

31. Forward engaged in protected activity when he participated in an investigation into gender discrimination and provided answers in a manner that implicated other Kroger employees in a failure to prevent or correct such harassment.

32. Kroger was aware of Forward's protected activity.

33. Kroger took adverse action against Forward because of his protected activity.

34. As a result of Kroger's actions, Forward suffered damages, including lost wages and emotional distress.

35. Kroger acted with malice.

5

## **PRAYER FOR RELIEF**

Wherefore, Forward demands judgment against Kroger as follows:

1. An award of compensatory damages for all economic damages suffered by Forward in an amount to be determined at trial;

2. An award of compensatory damages for all non-economic damages suffered by Forward in an amount to be determined at trial;

3. For an order reinstating Forward to his previous position at Kroger, inclusive of all pay increases and benefits to which he would have been entitled had he not been terminated, or in the alternative, an award of front pay;

4. For an award of punitive damages in an amount to be determined at trial;

5. For an award of Forward's reasonable attorney fees and costs;

6. For an award of any other relief in law or equity to which Forward is entitled under the premises.

Respectfully submitted,

**THE BUTLER TRIAL FIRM**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@butlertrialfirm.com

*Counsel for Plaintiff Jason Forward*

## JURY DEMAND

Plaintiff Jason Forward demands a jury trial to resolve all issues of fact related to his Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)